UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF LOUISIANA

| | | |
|---|---|---|
| HEATHER KOUTS | * | CIVIL ACTION |
| VERSUS | * | NUMBER: |
| THE CITY OF NEW ORLEANS | * | SECTION: |

* * * * * * *

## COMPLAINT

The complaint of Heather Kouts, a person of the full age of majority domiciled in the Eastern District of Louisiana, with respect avers the following:

1.

This action arises under the Age Discrimination in Employment Act, 29 U.S.C. §621 *et seq,* as hereinafter more fully appears. The jurisdiction of this court is founded on 29 U.S.C. §626 and 28 U.S.C. §1331.

2.

The defendant herein is the City of New Orleans, a municipal corporation organized and existing pursuant to the laws of the State of Louisiana, which at all times pertinent herein employed plaintiff as a member of the New Orleans Police Department.

3.

Plaintiff Heather Kouts was born on April 25, 1963 making her 47 years old in May 2010. The City of New Orleans hired her as a police officer in 1993. At all times pertinent to this matter, plaintiff's New Orleans Civil Service rank was Police Captain.

4.

In May 2010, Ronal W. Serpas ("Serpas") was named Superintendent of the New Orleans Police Department ("NOPD") by Mitchell J. Landrieu, who had been newly inaugurated as Mayor earlier that month.

5.

Upon taking office, Serpas announced plans to reorganize the leadership structure of NOPD outside of the rank classification structure created by Civil Service.  To that end, Serpas created the "leadership position" of Police Commander for NOPD.  Serpas designated the Police Commander position as the third highest level of supervisors in NOPD.  The position was open to any member of NOPD over the rank of lieutenant and was subject to appointment and removal at Serpas' unfettered discretion.  Individuals appointed to a Police Commander position would outrank other members of the Department regardless of the Civil Service classification held by the Commander and the purported subordinates.

6.

Initially, plaintiff was appointed to a commander position, overseeing NOPD's Fourth District which she had previously supervised under her Civil Service rank of Captain.   In January 2012, plaintiff was removed from command of the Fourth District and place in charge of the Records Division at NOPD Headquarters.

7.

In October 2012, plaintiff was demoted from her commander's position and transferred to a newly created united in NOPD, designated as the Field Operations Bureau-Administrative Support Unit.  This demotion occurred without just cause.  In this unit, plaintiff was stripped of all command authority and responsibility in direct contradiction of the Civil Service job

descriptions for Police Captains.  Additionally, plaintiff was strictly forbidden from delegating any of the tasks assigned to her.  Furthermore, the tasks assigned to plaintiff were of the type more properly assigned to the Police Officer and Sergeant Civil Service classifications.  Plaintiff has also been refused authorization to attend training on City time.  Plaintiff had attended such training regularly since 2000.

8.

Despite her superior Civil Service rank, plaintiff often receives her work assignments from younger and junior officers.  Plaintiff's lack of command authority has denied her access to command pay under Civil Service rules.

9.

The City has also created a hostile work environment for plaintiff by requiring her to work in a dilapidated FEMA trailer in a location a significant distance from other members of NOPD, including initially her purported superior officers.  The trailer lacks sanitary facilities, adequate office equipment, janitorial services and the proper office set up for plaintiff to perform the tasks assigned to her.  Further, for no reason other than an increase the unpleasantness of plaintiff's working conditions, Serpas reassigned plaintiff's take-home vehicle to a younger member of NOPD and provided plaintiff with a significantly more worn vehicle.

10.

The City's treatment of plaintiff is in violation of the Age Discrimination in Employment Act in that plaintiff has been discriminated against with respect to her compensation, terms, conditions and privileges of employment because of her age.

11.

As a result of defendant's actions, plaintiff suffered damages in the form of past and

future lost wages, past and future impairment of earnings capacity, damage to reputation and mental and emotional pain and suffering.

12.

Plaintiff has filed charges with the Equal Employment Opportunity Commission in February 2014 stating that the City of New Orleans had engaged in discrimination under the Age Discrimination in Employment Act.

13.

Plaintiff received a notice of right to sue from the Equal Employment Opportunity Commission dated March 13, 2014. This action has been filed within 90 days of plaintiff's receipt of the right to sue letter.

14.

Plaintiff prays for a trial by jury.

WHEREFORE, plaintiff, Heather Kouts, prays that after all due process there be judgment in her favor and against the City of New Orleans in an amount deemed reasonable by the trier of fact, plus costs, attorneys fees pursuant to Age Discrimination in Employment Act and interest, and all other equitable relief.

Respectfully submitted,

/s/ Brett J. Prendergast
Brett J. Prendergast, 17755
4603 S. Carrollton Avenue
New Orleans, Louisiana 70119
Telephone: (504) 593-9277
brett_p_1999@yahoo.com